### In re JOHNSON.

#### HARDEMAN et al. v. ETHERIDGE.

#### (Circuit Court of Appeals, Fifth Circuit. December 17, 1901.)

#### No. 1,095.

JUDGMENT LIEN—GEORGIA STATUTE—BONA FIDE PURCHASER.

A pledgee of personal property, who acquires possession of the same in good faith and without actual notice of a judgment against the pledgor, is a "purchaser," within the meaning of Code Ga. 1895, § 5355, which provides that "when any person has, bona fide and for a valuable consideration, purchased real or personal property, and has been in the possession of such real property for four years, or of such personal property for two years, the same shall be discharged from the lien of any judgment against the person from whom he purchased," and is protected by such provision.

Appeal from the District Court of the United States for the Southern District of Georgia.

Isaac Hardeman, B. M. Davis, C. A. Turner, and Geo. S. Jones, for appellants.

C. L. Smith, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The facts in the case are undisputed, and thereon the referee found, and the district court approved, the following:

"That the receivers of the Capital Bank of Macon have allowed their lien to remain inactive for a long period of time, to wit, nearly seven years, at the expense of this innocent purchaser for a valuable consideration; that it was in the power of said receivers to protect themselves against such innocent purchasers by taking proper steps to enforce their execution within the statutory period of two years; that they have been negligent and failed to exercise due diligence; and that of the two litigants, F. C. Etheridge, who,

considering the nature and character of the property he purchased, did what is usual and is customary to do with such property, and all that was required to do, or could be required to do with said property, he having no actual knowledge of said judgment, and his good faith not being questioned, stands upon a superior equity to said receivers, and is in equity and good conscience entitled to the fund in controversy."

There is no question that Etheridge acquired his title to the check in dispute in good faith and for a valuable consideration, and the only point in any doubt as to the correctness of the finding is whether he was a purchaser, within the intent and meaning of section 5355 of the Code of Georgia (1895), which reads as follows:

"When any person has, bona fide and for a valuable consideration, purchased real or personal property, and has been in the possession of such real property for four years, or of such personal property for two years, the same shall be discharged from the lien of any judgment against the person from whom he purchased."

While a pledgee of movables does not acquire an indefeasible title, he acquires a most valuable right, which he can assert against the pledgor, even to the divestiture and transfer of the title; and we see no reason to discriminate between him and the purchaser as to the effect of his long-continued holding and possession. In Trice v. Rose, 80 Ga. 408, 415, 7 S. E. 109, it was held that the gist of the above-quoted section is bona fides. In Fidelity & Deposit Co. v. Exchange Bank of Macon, 100 Ga. 625, 28 S. E. 393, where the effect of an assignment or transfer of funds was in question, the court says:

"In the present case there is no question made upon the bona fides of the transaction between the Exchange Bank of Macon and Sparks, the debtor. It bought this special fund from him, and paid him for it; and although it may not have taken an absolute legal assignment of the fund, it took a perfect equity, which will be protected against the subsequent action of the judgment creditor."

Under these rulings of the supreme court of Georgia, and after much consideration of the interesting argument of the counsel for appellants, we are of opinion that there is no reversible error in the judgment appealed from, and the same is affirmed.